UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Portier, et al

versus

Union Pacific Railroad Co., et al

Civil Action No. 6:14-02577

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

## ORDER

Before the Court is a Petition For Damages filed by plaintiffs, Melvin Portier, as an heir to the Estate of Martin Portier and on behalf of the Heirs of the Estate of Margaret Joseph and on behalf of the Heirs of the Estate of LouAnna Gallien, who are also heirs to the Estate of Martin Portier, by and through their counsel, alleging damages resulting from the August 4, 2013 Union Pacific Railroad Company train derailment in Lawtell, Louisiana. *R. 1.* Plaintiffs originally filed this action in the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana. Defendant, Union Pacific Railroad Co., removed this action to this Court, contending that the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold of $75,000.

Under 28 U.S.C. § 1332, federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. The person seeking to invoke federal court jurisdiction has the burden of proof of demonstrating, at the outset of the litigation, that the federal court has authority to hear the case. *St. Paul Reinsurance So., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Therefore, a removing party bears the burden of showing that federal jurisdiction exists. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing defendant must establish that the amount in controversy exceeds $75,000 and the parties are diverse in citizenship. 28 U.S.C. § 1332. Here, the Petition establishes that the parties are diverse in citizenship. Thus, in order to

remain in federal court, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir.2000).

Here, Plaintiffs are heirs to land and surface minerals situated within the area affected by the train derailment and seek damages for "diminution in value, loss of use, contamination and environmental damages to their property, stigma damages and loss of destruction of minerals." *Id.* at ¶ 3. Plaintiffs, however, fail to provide any quantification of their damages. Nor does the Petition contain any information as to the alleged property damage claims or the value of the claims. Thus, the Petition does not provide any facts that would permit reasonable estimate of Plaintiffs' actual damages to be calculated. There is, however, a statement in the Petition in which Plaintiffs seek a trial by a jury.[1] Plaintiffs also specifically state their claim for damages is an amount below seventy-five thousand dollars. Louisiana Code of Civil Procedure Article 893(A)(1) states that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required."

Upon sua sponte review of Defendant's removal materials, it is not apparent from the face of Plaintiffs' Petition that their claims exceed $75,000.00. The damages claimed are vaguely stated and, thus, provide the Court with little guidance as to the actual damages that Plaintiffs incurred. "[R]emoval cannot be based simply upon conclusory allegations." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir.2003). Thus, considering the speculative damages stated in Plaintiffs' Petition coupled with the specific allegation that

---

[1] Under Louisiana law, a trial by jury requires an amount in controversy of $50,000. Louisiana Code of Civil Procedure Article 1732(1).

their claim is for less than $75,000.00—the amount required for federal jurisdiction—the Court concludes that it lacks subject matter jurisdiction. Accordingly,

**IT IS ORDERED** that the Clerk of this Court is to remand this action to the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana.

Thus done and signed this 4th day of March, 2015 at Lafayette, Louisiana.

RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE